IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENNARO RAUSO,** | : | CIVIL ACTION NO. 1:97-CV-1841 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CHARLES ZIMMERMAN**, et al., | : | |
| Defendants | : | |

### ORDER

AND NOW, this 17th day of April, 2007, upon consideration of the order of court dated March 22, 2007 (Doc. 324), directing *pro se* plaintiff to file on or before April 13, 2007, a response showing cause why the above-captioned action should not be dismissed for failure to prosecute, and it appearing that as of the date of this order plaintiff has not filed such a response, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute),[1] and the court finding that *pro se* plaintiff was advised of the necessity of

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

responding to the order of court dated March 22, 2007 and is personally responsible for failing to do so, see id. at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to appear for the pretrial conference in the above-captioned case and to respond to the order of court dated March 22, 2007 constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when he was specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), and that plaintiff's remaining claims are likely without merit, (see Doc. 317 at 13-16); Poulis, 747 F.2d at 869-70 (identifying "[m]eritoriousness of the claim" as a factor), it is hereby ORDERED that:

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge